Opinion of the court delivered by
Judge Peck.
In this case it was referred to the clerk and master to report whether the costs had been correctly taxed. One except tion to his report is, that witnesses summoned by both plaintiff and defendant are allowed their attendance upon each summons, or in other words twice the per diem pay, mileage &c.
The clerk also allowed those items of costs which had been taxed in a lumping form, without specifying the items by words written at length. 1st. So much of the said report as allows the witnesses double pay, where summoned by both parties, the court correct, and consider, that under the statutes on that subject witnesses so summoned, are entitled to but one attendance in the suit. 2nd. The construction given by the clerk to the acts of 1779, ch. 4, sec. 4; 1784, ch. 7, sec. 8; 1794, ch. 1, sec. 75; 1796, ch. 7, sec. 9, this court consider not to be the legal one. The last act above recited, says, [“to the said execution shall be annexed a copy of the bill of costs of the fees, wrote in words at length, without any abbreviation whatever.”
Language could not be more plain. The words, “bill of costs of the fees,” forbids the idea that a lumping charge *231 shall he a compliance with these acts. But it is argued, that long continued practice has adopted the simple mode of giving the whole in the aggregate.
To that we answer, that a practice violating the provisions of a law re-enacted so often, shall not prevail.— Again, the re-enacting the same provision is an argument that the abuse pointed- at bj the Legislature had been kept up, and the Legislature from time to time expressed its disapprobation. The latter words in the section, “and all executions issuing without the copy of such bill of costs annexed, shall be deemed illegal and no sheriff shall serve or execute the samef is conclusive on this point.
To prevent abuses the act is directory to two officers, and the writ without the precaution, is illegal. This is a strong expression, but the law does not stop there¿ it says also “no sheriff shall serve or execute the same.”
Where a statute declares an act illegal, and the act be done, such act is indictable, and is merely void.
But we may inquire, why are these acts of Assembly so guarded, and so often repeated? It is because the law had to intrust the clerks, who were ministerial officers, and interested in the thing to be done, with the duty of taxing up costs. In the matter of costs, clerks and sheriffs have usually the deepest interest. The uninformed citizen might be subject to imposition, and to guard against the possibility of it, these laws have been passed, and must have such a construction given to them as will effectuate the object of their enactment — that is, to allow every man an opportunity of examining the bill of costs, item by item, with the acts of Assembly. With these acts before him, no clerk ought thus negligently to pass from his hands an execution, always issued in part for his own benefit; nor ought a sheriff to serve or execute such writ without the requisites pointed out in these acts.
And least the abuses hinted at should be persisted in, we set it down “in words at full length,” that such executions are void, and will be so treated when questions are made upon them.
*232 But although we follow the acts of Assembly strictly, we wish it to he understood that Arabic numerals, expressive of numbers and sums, will be taken as words at full length, within the meaning oi the act. In the clerk’s report it is intimated that witnesses not summoned, but attending, are probably entitled to prove their attendance and be allowed in the bill of costs. We think otherwise: When a witness so attends, it is presumed he has the pledge and agreement of the party requesting him, to make compensation. The subpoena being given by law; every suitor having a right to resort to it, or to the process of attachment, it is best to resort to the process the law gives; it is a guide to safe results, and it is easy to perceive that by departing from them imposition may follow.
The execution not having been sent up in this record; the cause as to the judgment of the court below in refusing to quash and correct the taxation of costs, must be, •reversed, and be remanded to the circuit court of Anderson, with directions to quash the execution, and proceed according to law.
Judgment reversed-»